
09/23/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL CHARLES PERCENTI** | § | Case No. 16-10060 |
| xxx-xx-3525 | § | |
| 7225 9th Avenue, #520, Port Arthur, TX 77642 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 13 |

## MEMORANDUM ORDER GRANTING MOTION TO ALLOW LATE-FILED CLAIM FILED BY RICHARD CHRYSTIE[1]

On September 1, 2016, the Court heard the Motion to Allow Late Filed Proof of Claim (the "Motion") filed on July 14, 2016, by Richard Chrystie ("Movant"). The Court finds that appropriate notice of the Motion and the hearing was given according to the Federal and Local Rules of Bankruptcy Procedure. Manfred Sternberg appeared at the hearing on behalf of the Movant. Tagnia Clark appeared at the hearing on behalf of the Debtor, Michael C. Percenti, who opposes the Motion. The Movant essentially seeks an extension of the bar date imposed for the filing of claims in this Chapter 13 case [June 2, 2016] in order that the Movant might be entitled to receive distributions of Chapter 13 plan proceeds from any confirmed plan in this case. At the conclusion of the hearing, the

---

[1] In order to ensure a prompt ruling on this contested matter and because the findings and conclusions contained herein would not be designated for publication in any event, the Court hereby suspends the application of Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052 to this contested matter, pursuant to the authority granted to it by Fed. R. Bankr. P. 9014(c), and will utilize this memorandum order to issue its ruling and the rationale for such ruling.

Court granted the Movant 14 days to file additional citations in support of its position. The Movant filed such supplementation on September 15, 2016 and the Debtor's response was filed on September 22, 2016, at which time the Court took the matter under advisement.

No witnesses were called at the hearing and the parties stipulated as to particular facts. On February 4, 2016, the Debtor, Michael Charles Percenti (the "Debtor), filed a voluntary petition in this Court for relief under Chapter 13 of the Bankruptcy Code.[2] The Movant, Richard Chrystie, is the holder of a pre-petition claim against the Debtor arising from the entry of a judgment by the 269th Judicial District Court of Harris County, Texas on May 29, 2015 in the original principal amount of $101,000.00. The Debtor admits that the Movant was omitted from the original matrix of creditors that accompanied the voluntary petition and that the Movant did not receive the original *Notice of Chapter 13 Bankruptcy Case* ("§ 341 Notice") that was sent to the creditors listed on that original matrix, notifying those creditors that June 2, 2016 was set as the deadline for all creditors, excepting governmental units, to file proofs of claim.[3]

The Court extended the deadline for the filing of the Debtor's schedules,

---

[2] *Voluntary Petition for Individuals Filing for Bankruptcy* filed on February 4, 2016 [dkt #1].

[3] *Notice of Chapter 13 Bankruptcy Case,* and the BNC certificate of service pertaining thereto, filed on February 13, 2016 [dkt #4].

statements, and Chapter 13 plan to March 1, 2016, and those documents were subsequently filed on February 25, 2016.[4] On that date, the Debtor filed an amended creditor matrix, supplementing the previous list of creditors with three (3) entities, including the Movant, who was listed at his state court attorney's address in Houston, Texas.[5] Accompanying the supplemental creditor list was a certificate of service by one of the Debtor's attorneys, Frank J. Maida, certifying that he had mailed the matrix and the § 341 Notice, including notice of the claims bar date, to the new creditors, including the Movant.[6] The Movant claims never to have received such § 341 Notice. However, the Debtor's attorneys also simultaneously emailed a *Notice of Bankruptcy Case Filing* (the "Case Notice") to the Movant's attorney.[7] The Case Notice informed the Movant that the Debtor had filed a bankruptcy case under Chapter 13 on February 4, 2016 at 3:37 p.m. and had been assigned case number 16-10060.[8] It provided the Debtor's name, address, and last four digits of his social security number, consistent with security protocols, as well as contact information for the Debtor's attorneys. It warned the Movant about the

---

[4] Debtor's Schedules and Statement of Financial Affairs filed on February 25, 2016 [dkt #8].

[5] *Verification of Amended Creditor Matrix* filed on February 25, 2016 [dkt #10].

[6] *Id.* at 3.

[7] Ex. 1.

[8] The Case Notice on its face also evidences its creation on "2/4/16 at 3:40 p.m."

applicability of the automatic stay. It referenced the opportunity to view bankruptcy documents at the Court's stated website address. Finally, the Case Notice gave this specific direction:

> You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.[9]

The Debtor transmitted the Case Notice to the Movant approximately three months before the claims bar date of June 2, 2016. Despite receipt of the Case Notice, the Movant took no action in that period to investigate the case filing or the existence of any mandatory deadlines. The Movant based his inaction upon a belief that an actual notification containing relevant deadlines would be forthcoming from the Court. Such a belief was erroneous. No further notice to creditors regarding the commencement of the case would be given by the Court after the initial § 341 Notice was issued. Regardless, the Movant took no action thereafter to ascertain the proof of claim deadline and the June 2nd claim deadline passed without the filing of a proof of claim by the Movant.

Initially, the Court's docket reflects a certification that the Debtor's attorneys

---

[9] The Case Notice, produced from the CM-ECF system three minutes after the filing of the voluntary petition on February 4, 2016, is apparently used as a matter of routine by this debtor's attorneys to notify parties of the bankruptcy filing. Such routine is beneficial if such notification is sent at or near the inception of the case. However, in this case, this notice was being sent three weeks after the filing of the voluntary petition. By that time, the § 341 Notice containing the claims bar date had long since been mailed and the Clerk does not send supplemental § 341 notices to creditors who are added after the original § 341 notice has been sent. That is the responsibility of the debtor.

mailed the § 341 Notice to the Movant via his attorney's office on February 26, 2016.[10]

A correctly-mailed notice creates a presumption that proper notice of the bankruptcy case was given under both Fed. R. Bankr. P. 9006(e) and under common law precepts, *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg, Inc.)*, 62 F.3d 730, 735 (5th Cir. 1995), and an attorney's certification to the Court of proper service is more than sufficient to trigger that presumption. *Craul v. Wal-Mart Stores E., LP*, 2012 WL 6823181, at *5 (M.D. Pa. Nov. 29, 2012); *Taylor v. Davis (In re Davis)*, 2012 WL 3782544, at *2 (Bankr. D.S.C. Aug. 30, 2012), *aff'd* 607 Fed. App'x. 298 (4th Cir. 2015). As this circuit has recognized,

> [M]ail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee. The presumption can only be overcome by *clear and convincing evidence* that the mailing was not, in fact, accomplished.

*Beitel v. OCA, Inc. (In re OCA, Inc.),* 551 F.3d 359, 371 (5th Cir. 2008) (emphasis in original). Though the Movant generically denies receipt of the §341 Notice, "[a] denial of receipt is insufficient to rebut a presumption that proper notice was given, but it does raise a factual issue. . . . Consequently, the issue is whether notice was properly sent." *Eagle Bus Mfg, Inc.*, 62 F.3d at 735.

The Movant's denial that any § 341 Notice was received is buttressed by the

---

[10] *See supra* note 6.

acknowledgment of the Debtor's counsel at the hearing that her case file did not contain the certificate of service and that it is "possible" the service documented by her colleague's certificate never actually occurred. While a false certification of service raises other concerns for the Court, in an evidentiary presentation that could fairly be described as sparse, the Court finds that such an admission constitutes sufficient evidence to overcome any presumption of service arising from the certificate of service filed on February 26, 2016.

The Movant in his motion now claims that the Court should deem his claim to be timely-filed because he was denied due process, as he received insufficient notice of the bankruptcy case.[11] Notwithstanding any failure to tender the § 341 Notice to the Movant, the Movant acknowledged receipt of the Case Notice, which provided specific case information to the Movant comprehensive enough to allow the Movant to make an intelligent inquiry as to the status of the case and any impending deadlines. As the Fifth Circuit has previously acknowledged, "when a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an

---

[11] The Movant does not specify the particular constitutional predicate of his due process claim. Though it necessarily must be rooted in the Fifth Amendment's prohibition against deprivation of property "without due process of law" since the directives of the Fourteenth Amendment do not apply to the federal government, *D.C. v. Carter*, 409 U.S. 418, 424 (1973); *Onyeabor v. Centennial Pointe Prop. Owners' Assoc. (In re Onyeabor),* 2015 WL 1726692, at *5 (B.A.P. 10th Cir. Apr. 15, 2015), it makes little difference because the reach of the Due Process Clauses in both amendments is "coextensive." *Id., citing Walker v. R.J. Reynolds Tobacco Co.,* 734 F.3d 1278, 1287 (11th Cir. 2013).

inquiry to determine the date of the first meeting of creditors . . . and calculate the bar date . . . is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases." *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990) [applied to Rule 4007(c) dischargeability deadlines].[12] *Sam* emphasizes that "all constitutional due process requires . . . is that [the creditor] have notice reasonably calculated, under all the circumstances, to apprise him of the pendency of the action and afford him an opportunity to present his objections." *Id.* (internal quotations omitted) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Accordingly, in *Sam* the Fifth Circuit concluded that a creditor's notice of the pendency of a bankruptcy case a mere eighteen (18) days prior to the claims bar date sufficiently satisfied constitutional due process concerns. Thus, one might surmise that a creditor's knowledge of a bankruptcy for a period of three months would preclude any challenge on due process grounds.

However, the precedents of this circuit require a more intense examination. In responding to the proposed concept that "actual knowledge of the pendency of a

---

[12] *Sam* specifically rejects the application of *City of New York v. New York, New Haven & Hartford R.R.,* 344 U.S. 293 (1953), upon which the Movant relies, because: (1) it was decided on statutory, and not constitutional, grounds; and (2) unlike the ever-changing, discretionary time deadlines ordered under the old Bankruptcy Act, the deadlines for filing claims and dischargeability actions under the Bankruptcy Code are specifically set forth in the Federal Rules of Bankruptcy Procedure and are not subject to random selection. *Sam*, 894 F.2d at 781.

bankruptcy case will always satisfy standards of constitutional due process as long as the creditor has an opportunity to timely file his claim," the Fifth Circuit in *Christopher v. Kendavis Holding Co. (In re Kendavis Holding Co.)*, 249 F.3d 383, 386 (5th Cir. 2001), stated that, in order to meet the requirements of the Supreme Court's decision in *Mullane*, "we must analyze the particular facts of each case and determine whether the method used to notify an individual was reasonably certain to inform the individual of a proceeding that could affect his rights." *Id*. at 387. In rejecting a perfunctory standard that an individual's knowledge of a bankruptcy case always qualifies as adequate notice, the Circuit recognized that an ordinarily valid form of notice may fail to satisfy due process because of the circumstances faced by a defendant and that courts "must therefore assess the sufficiency of notice against the backdrop of the factual circumstances in each case." *Id*.

In this case, the context in which the Movant learned of the bankruptcy case was negatively affected at every turn by the Debtor. Without the necessity of assigning any malevolent intent, there is no plausible explanation for the individual debtor having failed to include in the original matrix of creditors a recent recipient of a $100,000+ judgment against him. This critical omission precluded the Movant from receiving notice of the claims bar date directly from the Court. Secondly, the Debtor's counsel admitted that,

contrary to the express representations contained in a certificate of service filed with the Court, it was "possible" that the Debtor did not actually mail the § 341 Notice. Finally, with regard to the Case Notice that was sent, the Debtor directly induced the Movant to inaction through his untimely utilization of that Notice. Though throughly accurate at the time of its creation, the affirmative statement in the Notice that "you [creditor] will receive an additional notice from the court setting forth important deadlines" had become absolutely false by the time the Debtor utilized it three weeks later as a means to provide actual notice of the pendency of the bankruptcy case to the Movant.[13] At a minimum, the stale notice preempted whatever impulse the Movant might have had toward immediate action by providing a false assurance to the Movant that he would receive more official, detailed information from the Court in the coming days. While the Movant may certainly be faulted for his subsequent failure to inquire about the case after significant time had passed, the totality of the circumstances precludes giving the Debtor the benefit of a total discharge of a claim when his actions and omissions contributed significantly to the fact that the Movant did not come forward with such claim in a timely manner.[14]

---

[13] *See supra* note 8.

[14] While the allowance of this claim arguably inflicts more significant prejudice to the interests of other general unsecured creditors who must now share the proposed distribution amounts with the Movant, the motion to allow this claim was properly served upon all of those creditors and none filed any objection to the relief sought by the Movant nor did any appear in opposition to the motion at the duly-noticed hearing.

Accordingly, the Court finds that, based upon the applicable jurisprudence and the admitted facts, just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion to Allow Late Proof of Claim filed on July 14, 2016, by Richard Chrystie is **GRANTED** and that the late filing of proof of claim 6-1 by Richard Chrystie on July 13, 2016 is hereby **AUTHORIZED**.

Signed on 09/23/2016

_____
THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE